UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CALVIN WALKER (#110316),**  **CIVIL ACTION NO. 5:16-631-P**
**Petitioner**

**VERSUS**  **JUDGE ELIZABETH E. FOOTE**

**DARREL VANNOY,**  **MAG. JUDGE KAREN L. HAYES**
**Respondent**

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Calvin Walker (#110316). He was granted leave to proceed *in forma pauperis* on August 18, 2016. (Doc. 11). Petitioner is an inmate in the custody of Louisiana's Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner challenges his 1988 aggravated rape conviction in the 26th Judicial District Court, Webster Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual and Procedural History**

Petitioner was convicted of aggravated rape on March 23, 1988, and he was sentenced to life imprisonment. According to the published jurisprudence:

> On October 4, 1987, the Clown Ice Cream Shop located in the Park City Shopping Center in Minden, Louisiana was robbed and the sole employee on the premises at the time was raped by the robber.
>
> After the crimes were completed and the perpetrator had left the scene, the victim locked the door to the business and called her husband for assistance. Her husband arrived shortly thereafter and law enforcement authorities were summoned to the scene.
>
> An investigation was made of the scene of the crime and a description of a suspect was provided by the victim. The next day, the defendant was arrested and placed in

> a line-up. Without any hesitation, the victim identified the defendant from a line-up as the perpetrator of the two crimes.
>
> The defendant was convicted of aggravated rape following a jury trial. The charge of armed robbery was not before the court.

State v. Walker, 540 So. 2d 1059, 1060 (La. Ct. App. 1989).

Petitioner appealed to the Louisiana Second Circuit Court of Appeal on the grounds that a photograph of an open cash register should not have been admitted into evidence; a pre-sentence investigation should have been ordered; and, his sentence was excessive. Id. The conviction and sentence were affirmed. Id. Petitioner did not seek further review in the Louisiana Supreme Court.

On November 13, 2014, Petitioner filed a "Motion for Nunc Pro Tunc Hearing" in the 26th Judicial District Court. He complained that the trial court failed to properly resolve the issue of Petitioner's capacity to stand trial. (Doc. 1, p. 5). Petitioner states that his motion was denied without a hearing. (Doc. 1, p. 5). Petitioner sought review in the Louisiana Second Circuit Court of Appeal, which denied writs on April 16, 2015, and the Louisiana Supreme Court, which denied writs on February 5, 2016. (Doc. 1, p. 5).

Petitioner states that he did not file an application for post-conviction relief.

Petitioner implies that he lacked capacity to stand trial in 1988, a claim that was not raised on appeal.

## Law and Analysis

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1); and, whether any of the claims raised are subject to the

2

procedural default doctrine.

Petitioner argues that his claims are not procedurally barred under the Fifth Circuit case Lewis v. Cain, 140 F.3d 1037 (5th Cir. 1998) (unpublished). In Lewis, the district court determined that the Petitioner failed to exhaust, and he would be procedurally barred from doing so under article 930.8 of the Louisiana Code of Criminal Procedure. Thus, the district court dismissed the habeas petition as procedurally defaulted. Id. Lewis claimed that he was mentally incompetent, and the Fifth Circuit reversed noting that article 930.8 is tolled during the time that a prisoner is mentally incompetent. Thus, Lewis still had available state post-conviction remedies that he was required to exhaust before filing a § 2254 petition. Id. In the instant case, for the reasons that follow, the petition is time-barred under the federal Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, application of the Lewis case is inapposite.

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA in 1996 to provide a one-year statute of limitations for the filing of applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a state court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on March 24, 1989, 30 days after the denial of writs by the Louisiana Second Circuit Court of Appeal. Even though Petitioner's conviction became final in 1989, before the effective date of the AEDPA, the Fifth Circuit has held that the AEDPA's time limitations apply retroactively. See Fisher v. Johnson, 174 F.3d 710, 712 (5th Cir.1999). Under the retroactive application of the AEDPA, a prisoner whose conviction became final before the AEDPA's effective date had one year after the passage of the AEDPA, until April 24, 1997, to file

a habeas claim in federal court. Id. (citing Flanagan v. Johnson, 154 F.3d 196, 200 n. 2 (5th Cir. 1998)). Petition did not file his habeas claim until almost 20 years later.

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, Plaintiff alleges that he did not file an application for post-conviction relief. To the extent that his "Motion for Nunc Pro Tunc Hearing" was considered an application for post-conviction relief, it was not filed until well after the one-year statute of limitations under the AEDPA had expired. Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)). Thus, Petitioner is not entitled to statutory tolling.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In this case, Petitioner submits no evidence demonstrating that he is entitled to equitable tolling. This Court knows of no such evidence.

### Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 6th day of September, 2016.

                                  Karen L. Hayes
                                  United States Magistrate Judge